El Paso County - 388th District Court

Filed 4/12/2021 4:59 PM
Norma Favela Barceleau
District Clerk
El Paso County
2016DCM2792

08-21-00064-CV

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | |
| | § | FILED IN |
| | § | 8th COURT OF APPEALS |
| **C.A. AND A.A.** | § CAUSE NO. 2016DCM2792 | EL PASO, TEXAS |
| | § | 4/23/2021 5:17:16 PM |
| **Minor Children** | § | ELIZABETH G. FLORES |
| | § | Clerk |
| | § | |

## MOTION FOR NEW TRIAL
## AND NOTICE OF APPEAL

This Motion for New Trial is brought by CLAUDIA RODRIGUEZ, Movant, who shows in support:

1.      On March 11, 2021 a judgment was signed by this Court in this case.

2.      A new trial should be granted to Movant because (1) the Court abused its discretion and committed reversible error by not granting a Motion for Continuance despite it being filed the day before the hearing; 2) Judge Gonzalez abused its discretion and committed reversible error by not granting a Motion for Continuance as this was the first Motion for Continuance Movant had filed; 3) Judge Gonzalez abused her discretion and committed reversible error by failing to consider the pandemic and the Supreme Court's orders and the procedure in the 388th Judicial District Courts for hearing cases. The hearings on the motion to compel were not scheduled due to lack of diligence on the part of counsel; 4) Judge Gonzalez committed reversible error and abused her discretion in failing to allow the statements made the minor children the subject of this suit in reference to family violence and abuse when the proper foundation was laid by undersigned counsel. This evidence was relevant to the issue of family violence and abuse which are relevant to the issue of managing conservatorship and possession and access according to Texas Family Code 153.131 (a) and (b). 5) Judge Gonzalez committed reversible error and abused her discretion when she failed to allow undersigned counsel to introduce exhibits because according to the

procedures, the case was only scheduled for one hour and Judge Gonzalez had already heard the case for more than one hour; 6) Judge Gonzalez committed reversible error and abused her discretion by implementing rules and procedure in her court without notice to counsel of the rules and procedures. The implementation of such Rules and procedures is arbitrary, archaic and not supported by the Texas Rules of Civil Procedure. Movant was harmed and surprised by these new procedures which prejudiced Movant's ability to present the evidence thoroughly.

3. A new trial should be granted to Movant because this Court abused its discretion in failing to Grant CLAUDIA RODRIGUEZ, a motion for continuance as good cause existed for the continuance and the continuance is in the best interest of the minor children the subject of this suit. Movant refers the Court to the following as good cause that the Motion for Continuance should have been granted:

4. On April 4, 2018, Movant filed a Motion to Modify conservatorship and possession and access. The allegations were that there had been material and substantial changes and that Movant should be appointed sole managing conservators for several reasons:

a. as the Respondent's minor children were present when the FBI and the El Paso County Sheriff's office served a warrant on Philip Acosta while the children the subject of this suit were present

Detective Gutierrez of the El Paso Sheriff's Office had been present to testify at hearings scheduled and rescheduled by Judge Leverton then Associate Judge for the 388th Judicial District Court. Attached and referred to herein is a copy of the subpoena issued for Det. Gutierrez. During the course of the case, the El Paso County Attorney's office filed Motions to Quash the Subpeona issued and served on Det. Gutierrez which delayed Movant's case as evidenced by the register of actions attached. The attached exhibits also include the police reports of the incident and the

2

subpoena issued and served on Det. Gutierrez.

5. The decree of divorce sets out an agreed to was a rotating weekly schedule, Respondent, Philip Acosta had failed to exercise his possession and access.

a. As part of the evidence in the Motion to Modify filed by Movant, Movant alleged that although the visitation schedule the parties agreed to was a rotating weekly schedule, Respondent, Philip Acosta failed to take his children to school and the children missed or were late to school on several occasions. Respondent stated he did not have transportation; however, the minor children commented to Movant would not awake until the afternoon long after school began.

Evidence that Respondent is not exercising possession is evidence of material and substantial changes. See Family Code §153.131 and 156.101.

6. After Respondent's arrest for the felony, Respondent admitted to Movant that he had been admitted to El Paso Behavioral Center hereinafter referred to UBH. Respondent also admitted to suicidal ideations to Movant. Evidence of mental impairment especially evidence of mood swings, disorganized thought, admissions of suicidal ideations, non-compliance with prescribed medication, are relevant to the issue of managing conservatorship and possession and access. Texas Family Code Sections 153.131(a) and (b) and 54.031 and *Lewelling v. Lewelling,* 796 S.W.2d 164, 167 (Tex. 1990). and its progeny discuss the issue of evidence of mental disorder.

7. Additionally, before the lockdown but after Respondent driven while intoxicated with his children in the vehicle. This was an admission not only by Respondent but also by his mother, Maria Acosta who drove the children to Movant and Respondent while Respondent was intoxicated. Movant had issued a subpoena for M. Acosta to appear at various hearing as she had also admitted to Movant that Respondent was not able to exercise access and possession. Evidence

of family violence is relevant to the issue of managing conservatorship and access and possession. Evidence of family violence or abuse is relevant to the issue See Texas Family Code Section 152.131(a) and (b).

(a).     In fact, after February 20, 2020 to this date, Respondent has not exercised possession and access with his children.  Also compelling, this Court ordered M. Acosta to supervise the visits between the Respondent and the minor children.

8.     Unknown to Movant, Respondent was arrested on Driving While Intoxicated charges after Respondent was able to exercise possession and access without the supervision of his mother and after the possession and access order was modified to allow access without Respondent's mother supervision. Respondent and Respondent's mother failed to notify Movant that Respondent he had been arrested in January, 2020 on Driving While Intoxicated and more importantly, had been readmitted to UBH.

This evidence is relevant as this Court ordered M. Acosta to supervise the visits between Respondent and M. Acosta and M. Acosta failed to notify Movant that Respondent had been readmitted to UBH and that Respondent had been rearrested on charges of DWI. This evidence would be relevant to whether M. Acosta would be protective of Respondent and not the children the subject of this suit and whether M. Acosta's credibility in issue.

Evidence of family violence is relevant to the issue of managing conservatorship and access and possession. Evidence of family violence and abuse is relevant to the issue See Texas Family Code Section 152.131(a) and (b) and 153.004.

9.     Due to the serious nature of Movant's allegations, a Motion to Obtain Protected Health Information was filed in 2018 and Judge Leverton signed an order for Respondent to sign a waiver of confidentiality. Although initially, Respondent agreed to sign the waiver, after the

4

order was signed by Judge Leverton on April 26, 2018, Respondent failed to sign the waiver and would vacillate about signing the waiver. And also, Respondents attorney filed a Motion to Withdraw stating he was unable to communicate with his client. Movant filed a Motion to Compel asking the Court compel Respondent to sign the waiver. The documents are attached herein as exhibits

a.      During the course of the case, Movant propounded discovery to Respondent including a request for production, interrogatories and a request for disclosure. Although Movant requested Respondent's medical records and/or a list of Respondent's physicians and dates of his admission to UBH or any other facility that treats the mentally ill, Respondent refused to provide the list of said physicians and/or his medical records.

b. Evidence of mental illness is relevant to the issue of sole managing conservatorship and to access and possession of the minor children. See Texas Family Code Section 152.131(a) and (b); see also 153.004.

10.      On or after February 20, 2020, after the accident involving the minor children and while Respondent was driving intoxicated, the parties reached an agreement in this case that was not reduced to writing.

11.      Thereafter, the City of El Paso was placed on lockdown and pandemic has limited the Court's ability to hear non-essential cases including Motions to Compel. The Supreme Court of Texas issued several orders after the declaration of the emergency; however, all of the Supreme Court orders specifically limited the courts from hearing non-essential issues as enumerated in the attached exhibits.

12.      Correspondence by the 388th Judicial District Court and notifications to attorneys dated January 6, 2021 and January 22, 2021 and herein attached. In the emails, Judge Gonzalez

notifies attorneys that settings will be cancelled the month of January, 2021 and scheduled to be heard by Judge Gonzalez or Judge Lucas.

The emails attached do not discuss procedures in the court; for example, the emails do not discuss limitations on the amount of motions for continuances to be granted, time limits for presenting evidence during contested hearings, limitation on the amount or length of witnesses to be presented or their testimony, the Court's limitations on the rescheduling of hearings if the status of the case changes.

13.     Years ago and while Judge Gonzalez and undersigned counsel practiced family law in the 383rd Judicial Court; this Court implemented time limitations for each party to present its case and required exhibits to be marked and delivered to the Court before hearings as well as other limitations. This Court gave the family law attorney's ample notice of the implementation of these procedures so attorney's had adequate notice, could prepare accordingly and could effectively represent their clients during highly contested family law cases that affected not only the lives of the parties but the minor children.[1] Movant was surprised and harmed by the Court's procedures that limited evidence that may have produced a different result. .

14. On January 25, 2021, notice was sent to undersigned counsel that a status conference was scheduled for January 26, 2021 via zoom. Prior to this setting, the 388th Judicial District court had sent emails attached do not discuss procedures in the court; for example, the emails do not discuss limitations on the amount of motions for continuances to be granted, time limits for presenting evidence during contested hearings, limitation on the amount or length of witnesses to be presented or their testimony, the Court's limitations on the rescheduling of hearings if the status of the case changes, which cases will proceed to mediation before a final hearing is heard None of

---

[1] Judge Patricia Macias retired from the bench.

6

these procedures were explained to undersigned counsel or to any other counsel practicing family law as far as undersigned counsel has determined.

15.     Also, the 388th Judicial District Court race was highly contested and undersigned counsel supported Judge Gonzalez' opponent Judge Laura Strahmann. Attached and herein as an exhibit is a copy of the Motion to Recuse that was filed by undersigned counsel and denied by Judge Ables. As evidenced by the Motion to recuse, Judge Gonzalez and undersigned counsel have been friends for many years and undersigned counsel's support of Judge Strathmann was a point of contention between undersigned counsel and Judge Gonzalez.

16.     The zoom hearing was conducted on January 26, 2021. Judge Gonzalez was present as well as the Court's court reporter. Counsel for Respondent did not appear. Judge Gonzalez called the case and undersigned counsel announced ready for the status hearing. Judge Gonzalez asked the status of the case and undersigned counsel informed the Court that an agreement had been reached but had not been reduced to writing. Judge Gonzalez gave counsel a setting and the zoom hearing was completed within a couple of minutes. This is an approximation. No other matters were discussed as evidenced by the transcript of the hearing of February 9, 2021.

Undersigned counsel did not know the court reporter was not taking a record. This Court is referred to the transcript of the hearing held on February 9, 2021.

However, the record is clear that during the status conference of January 26, 2021, Judge Gonzalez did not discuss the following: the limitations on the amount of motions for continuances to be granted, time limits for presenting evidence during contested hearings, limitation on the amount or length of witnesses to be presented or their testimony, the Court's limitations on the rescheduling of hearings if the status of the case changes, which cases will proceed to mediation before a final hearing is heard.

7

None of these procedures were explained to undersigned counsel or to any other counsel practicing family law as far as undersigned counsel has determined.

Judge Gonzalez stated that I had to "wrap it up" because I was out of time. 1RR 49, 50, 51, 55, 57, 93.

17.     During the thirteen (13) days between January 27, 2021 and February 8, 2021, undersigned counsel attempted to contact Respondent's counsel to reduce the parties' agreement to writing. These attempts were unsuccessful. On February 8, 2021, undersigned counsel was informed that Respondent refused to sign the agreement.

Immediately after this conversation, Movant drafted and filed a Motion for Continuance. On February 9, 2021, undersigned counsel attempted to present that Motion for Continuance to the Court and a hearing was scheduled for the Motion for Continuance; however, Judge Gonzalez refused to hear the Motion for Continuance. This Court is referred to the exhibit attached herein and to the transcript of the proceedings of February 9, 2021.

18.     The trial court abused its discretion by failing to hear the Motion for Continuance when it was scheduled for a hearing as evidenced by the exhibit herein attached.

19.     Judge Gonzalez also abused her discretion by not granting undersigned's Motion for Continuance for all the reasons stated herein. The transcript of February 9, 2021 shows the Court did not ask Respondent's counsel whether he objected to the continuance. Further, despite a setting for a hearing on the Motion for Continuance, the Court refused to hear the reasoning for Movant's Motion for Continuance. Undersigned counsel refers this Court to the transcript of the proceedings for February 9, 2021 in which undersigned counsel announces not ready for the hearing. 1RR p. 6.

a.     Judge Gonzalez states I filed the Motion for Continuance 15 minutes before the

8

close of day on February 8, 2021. 1RR p. 4. In family law cases, the Rules of Procedure are relaxed because the best interests of the children always prevail.

Judge Gonzalez abused her discretion and committed reversible error by failing to grant and hear the Motion for Continuance as that is in the best interests of the minor children. Best interest always prevails in family law cases involving children. See §153.002.

b. Judge Gonzalez states the case was scheduled for a final hearing or a dismissal. This procedure is arbitrary without regard to any rule or law. Family law cases are fact sensitive and often change from one day to another. Judge Gonzalez abused her discretion in failing to consider that Respondent failed to sign the agreement that the parties had reached.

c. More importantly, Judge Gonzalez failed to consider that the 388th's procedure prior to the pandemic declared in March, 2021 was to schedule several hearings at the same time. The parties were required to appear for the hearings and the cases were assigned numbers and if your case was not called for a hearing, it was automatically rescheduled. Judge Gonzalez abused her discretion when she failed to consider this procedure. Judge Gonzalez was aware of the procedure as she practiced family law in the 388th Judicial District Court and the Associate Court. Judge Gonzalez failure to consider this was arbitrary and without regard to any law or Rule.

d. Undersigned counsel attempts to propound evidence that the Motion for Continuance is necessary due to Respondent's mental condition which is relevant to the issue of conservatorship and access and possession. 1RR p. 5.

Judge Gonzalez insisted this case had been pending for years and that undersigned counsel had the opportunity to file and schedule for hearing the Motion to Compel filed by Movant and to enforce the Order signed by Judge Leverton for Respondent to sign a waiver of confidentiality. While it may be true that the case had been pending since April, 2018, the parties had reached an

9

agreement on the temporary order of visitation that Respondent was not exercising.

e.  Further, it is not unusual for family law cases to be pending for several years depending on the level of controversy. In this case, the Movant requested sole managing conservatorship due to family violence, Respondent's mental disorder and abuse when Respondent drove a vehicle with while intoxicated and there was a collision. Judge Gonzalez abused her discretion when she failed to consider the pandemic had virtually frozen the 388th Court for over one (1) year. See attached exhibit.

f.  Specifically, the Texas Supreme Court order is clear that only essential hearings would be heard and that included temporary restraining orders, protective orders and other emergency hearings. Motions to compel were not considered essential hearings.

f.  Judge Gonzalez refused children in the vehicle while suffers from that the Court refused to Movant to testify to statements made by the children of abuse claiming undersigned counsel had failed to lay the proper foundation. 1RR 25-60.

20.  Judge Gonzalez committed reversible error by failing to allow the statements made the minor children the subject of this suit in reference to family violence and abuse when the proper foundation was laid by undersigned counsel. This evidence was relevant to the issue of family violence and abuse which are relevant to the issue of managing conservatorship and possession and access according to Texas Family Code 153.131 (a) and (b).  Judge Gonzalez committed reversible error when she continually sustained objections based on hearsay and relevant evidence that was not hearsay and relevant to the issues at hand. 1RR p. 14, 15, 18, 20, 23, 23-28, 29-40, 44, 45, 49, 89, 90. When counsel requested medical records, Judge Gonzalez sustained an objection based on attorney client communication when medical records are not attorney client communications. 1RR 61.

21. Judge Gonzalez committed reversible error when she failed to allow undersigned counsel to introduce exhibits because according to the procedures, the case was only scheduled for one hour and Judge Gonzalez had already heard the case for more than one hour. Judge Gonzalez committed reversible error by implementing rules and procedure in her court without notice to counsel of the rules and procedures. The implementation of such Rules and procedures is arbitrary, archaic and not supported by the Texas Rules of Civil Procedure or the Texas Family Code.

Had undersigned counsel presented the evidence as stated herein, the evidence would support the issue of sole managing conservatorship and possession and access and would have supported a different result. Movant was surprised and harmed.

A new trial should be granted to Movant because the Court committed reversible error and abused her discretion for the reasons stated herein. Good cause exits for any failure to compel discovery in a timely manner

22. The Court abused its discretion by rendering a judgment based in part on "Morales' written admissions" as there were no written admissions made by Morales.

23. CLAUDIA RODRIGUEZ has meritorious evidence to the cause of action alleged in this case.

24. The granting of a new trial would not injure PHILIP ACOSTA.

25. Justice will not be properly served unless a new trial is granted and the best interests of the children served.

CLAUDIA RODRIGUEZ prays that the Court set aside the judgment signed on March 11, 2021 and grant a new trial and for general relief. CLAUDIA RODRIGUEZ prays for general relief.

Respectfully submitted,

Law Office of MARIA B. RAMIREZ
1119 E. SAN ANTONIO

ELPASO, TEXAS 79901
Tel. (915) 544-6115
Fax. (915) 544-3550

By: /s/Maria B. Ramirez
    MARIA B RAMIREZ
    Texas Bar No. 16506305
    Email: ramirezlawoffice@aol.com

## Certificate of Service

I certify that a true copy of this document was served in accordance with rule 21a of the

Texas Rules of Civil Procedure on the following on April 12, 2031:

CARLOS QUINONES by electronic filing manager.

By: /s/Maria B. Ramirez
    MARIA B RAMIREZ

VERIFICATION

CLAUDIA RODRIGUEZ appeared before me in person today and stated under oath as follows:

"My name is CLAUDIA RODRIGUEZ. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am the Movant in this Motion for New Trial. The facts stated in this affidavit are within my personal knowledge and are true and correct.

On February 9, 2021, a final hearing was scheduled and a Motion for Continuance filed by my attorney Maria Ramirez.

The Judge did not want to hear the continuance of the case saying that my attorney scheduled the case for one hour when I know that this case was going to be very contested.

I want to be sole managing conservator of our children because:

Philip is a danger because he drove intoxicated with the children in the car and they had an accident. His mother told me he was intoxicated when they came to the house to drop off the girls. I took pictures of the damage to Philips car but the Judge did not want to see them because she said we were out of time. These pictures are important because they prove there was an accident. This is family violence. The girls also told me they were in an accident but the Judge did not let me testify about that. I do not know why because I think it is abusive to have our children in the car and you are driving intoxicated.

Philip has been at UBH at least twice. He told me he was going to UBH after he was arrested for the felony and before I filed the Motion to Modify. He is mentally unstable. He told me he was having suicidal thoughts. He did not tell me he had been arrested for driving while intoxicated again in January, 2020 and that he had been admitted to UBH again during this case. I know we have been trying to get the medical records but we have been unable to do so. Philip does not think his mental disorder is

important but it is important to the health and welfare of our children. I think the Judge should have made him tell us about his mental disorders. The Judge didn't even force him to tell us the name of the doctor who is treating him.

Philip will not tell me anything about his life. I found out he was arrested because I saw it on the news and I found out because the girls told me a lot of men with guns came into Philips house. He did not tell me and his mother did not tell me when she dropped off the girls after Philip was arrested.

Philips possession should be limited and supervised but not by his mother because she knew Philip was intoxicated on that date but she did not tell me that Philip had been arrested again for Driving while intoxicated and had been at UBH again during this case. I am afraid that she is going to protect Philip and not the girls. She came to court but the hearings kept being rescheduled by Judge Leverton. I am also afraid she will not tell me because she did not tell me about the men and the guns. I had to hear it from the children.

As far as I know, my attorney has only asked for one continuance but I am not sure. I know that we have never been to a final hearing because the Court cancelled the last one because Philip did not waive appeal to the district court. I waived appeal to the district court because I wanted to stay with Judge Leverton.

Philip Acosta has not visited with the girls since the accident on February 20, 2021 to the present. It has been more than one year that he has seen the girls and I do not know why.

It is in the best interests of the children that all the evidence is presented and I do not believe all the evidence was presented on the day of the final hearing. As I testified to in the recusal hearing, it sounded to me that Judge Gonzalez has some personal problem with my attorney. And I thought Judge Gonzalez was very rude and mocked my attorney.

I received a text message from a person on facebook who saw the hearing and they told me that Judge Gonzalez was very disrespectful and was laughing and mocking Ms. Ramirez. I did not know this person saw the hearing until two (2) weeks ago when she mentioned it. I do not know if she is going to say anything because she said she has a case pending with Judge Gonzalez and she is afraid.

CLAUDIA RODRIGUEZ

SIGNED under oath before me on ___April 12, 2021___

Notary Public, State of Texas

JANET MUNOZ
Notary ID #124188379
My Commission Expires
July 12, 2024
NOTARY PUBLIC
STATE OF TEXAS